UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| JOSE L. GARCIA,<br><br>   Plaintiff,<br><br>     v.<br><br>CITY OF PERTH AMBOY, SERGEANT PANAGIOTI BOULIERIS, PTL. ANTHONY GARCIA,<br><br>   Defendants. | Hon. Brian R. Martinotti, U.S.D.J.<br>Hon. Michael A. Hammer, U.S.M.J.<br><br>Civil Action No. 23-22903 (BRM/MAH)<br><br>**PROPOSED JOINT DISCOVERY PLAN** |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

**Glenn A. Garber, Esq.**
**Glenn A. Garber, P.C.**
**233 Broadway, Suite 2370**
**New York, New York 10279**
**Phone: 212-965-9370**
**Facsimile: 212-965-9375**
**Attorneys for Plaintiff, Jose L. Garcia**

**Douglas V. Sanchez, Esq.**
**Michael T. Moran, Esq.**
**Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP**
**50 Tice Boulevard, Suite 250**
**Woodcliff Lake, New Jersey 07677**
**Phone: 201-474-7100**
**Facsimile: 201-474-7101**
**Attorneys for Defendants, City of Perth Amboy, Sergeant Panagioti Boulieris, and Ptl. Anthony Garcia**

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

      This civil rights matter stems from Plaintiff, Jose L. Garcia's ("Plaintiff") criminal prosecution in New Jersey state court in connection with an alleged June 7, 2014 incident involving Plaintiff, Plaintiff's wife, and Plaintiff's two minor sons.

On March 3, 2017, a Middlesex County Jury found Plaintiff guilty of (1) fourth-degree aggravated assault with a firearm, in violation of N.J. Stat. Ann. § 2C:12-1b(4); (2) the disorderly persons offense of simple assault, in violation of N.J. Stat. Ann. § 2C:12-1a(3); (3) second-degree endangering the welfare of a child, in violation of N.J. Stat. Ann. § 2C:24-4a(2); (4) third-degree terroristic threats, in violation of N.J. Stat. Ann. § 2C:12-3a; and (5) second-degree possession of a weapon for an unlawful purpose, in violation of N.J. Stat. Ann. § 2C:39-4a. On December 11, 2017, Plaintiff was sentenced to an aggregate term of five years' imprisonment with a three-and-one-half-year period of parole ineligibility.

On July 30, 2021, the New Jersey Appellate Division reversed Plaintiff's conviction and remanded the matter for a new trial. The appellate panel held that the trial judge mistakenly admitted Plaintiff's son's prior consistent statement to law enforcement to bolster the son's credibility at trial. That is, the court observed that "the erroneous admission of the prior consistent statement tipped the credibility scale, unfairly bolstered the State's proofs, and improperly influenced the jury."

Following the appellate remand, the Honorable Thomas J. Buck, J.S.C., granted the State's motion and dismissed the indictment on December 6, 2021. Plaintiff alleges that he was wrongfully imprisoned from 2017 to 2021.

In the Complaint, Plaintiff asserts five causes of action: (1) 42 U.S.C. § 1983 claims against Sergeant Panagioti Boulieris ("Sergeant Boulieris") and Ptl. Anthony Garcia ("Patrolman Garcia") for alleged Fourth, Fifth, Sixth, and Fourteenth Amendment violations (Counts One and Two); (2) common law malicious prosecution against the City of Perth Amboy (the "City"), Sergeant Boulieris, and Patrolman Garcia (collectively, "Defendants") (Count Three); (3) common law negligence against all Defendants (Count Four); and (4) a New Jersey Civil Rights Act ("NJCRA") claim, N.J. Stat. Ann. § 10:6-1, et seq., against Sergeant Boulieris and Patrolman Garcia for allegedly violating Plaintiff's constitutional rights to not be unlawfully seized, due process, a fair prosecution, a fair pretrial process, and a fair trial.

On February 28, 2024, Defendants filed a motion to dismiss the Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See ECF No. 10. First, Defendants argue that they are entitled to qualified immunity on Plaintiff's 42 U.S.C. § 1983 and NJCRA claims because Sergeant Boulieris and Patrolman Garcia did not violate Plaintiff's "clearly established" constitutional rights. Second, Plaintiff's common law malicious prosecution claim against the City fails as a matter of law because N.J. Stat. Ann. § 59:2-10 of the New Jersey Tort Claims Act ("NJTCA"), N.J. Stat. Ann. § 59:1-1, et seq., shields public entities from liability when a tort requires a finding that public employee engaged in malicious conduct. Third, Plaintiff's common law malicious prosecution claim against Sergeant Boulieris and Patrolman Garcia fails to state a claim because there was probable cause to charge Plaintiff, and the Complaint merely relies upon factually unsupported, conclusory allegations that Sergeant Boulieris and Patrolman Garcia's alleged conduct was animated with malice. Fourth, Plaintiff's common law negligence claim against all Defendants is not actionable because N.J. Stat. Ann. § 59:3-3 and N.J. Stat. Ann. § 59:2-2b of the NJTCA cloak Defendants with immunity, as Sergeant Boulieris and Patrolman Garcia were executing and enforcing New Jersey's criminal laws at all times relevant to the Complaint.

3. Have settlement discussions taken place? **No.**

   (a) What was plaintiff's last demand? **N/A**

   (1) Monetary demand: **N/A**

   (2) Non-monetary demand: **N/A**

   (b) What was defendant's last offer? **N/A**

   (1) Monetary offer: **N/A**

   (2) Non-monetary offer: **N/A**

4. The parties **have** met pursuant to Fed. R. Civ. P. 26(f).

5. The parties **have not** exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

   **Plaintiff and Defendants agree to exchange Initial Disclosures within fourteen (14) days from the date of the Rule 26(f) Conference to the extent not already provided, unless the Court otherwise orders.**

6. Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1). **None.**

7. The parties **have not** filed disclosures of third-party litigation funding.

8. The parties **have not** conducted discovery other than the above disclosures.

9. Proposed joint discovery plan:

   (a) Discovery is needed on the following subjects: **Liability and damages.**

   (b) Discovery **should not** be conducted in phases or be limited to particular issues.

   (c) Proposed schedule:

   (1) Fed. R. Civ. P. 26 Disclosures: **April 5, 2024.**

   (2) E-Discovery conference pursuant to L. Civ. R. 26.1(d): **April 19, 2024.**

   (3) Service of initial written discovery: **April 19, 2024 (with responses due within 30 days of service of the discovery demands).**

   (4) Maximum of **25** Interrogatories by each party to each other party.

   (5) Maximum of **10** depositions to be taken by each party.

  (6)  Motions to amend or to add parties to be filed by: **July 18, 2024.**

  (7)  Factual discovery to be completed by: **November 18, 2024.**

  (8)  Plaintiff's expert report due on: **January 2, 2025.**

  (9)  Defendant's expert report due on: **February 17, 2025.**

  (10)  Expert depositions to be completed by: **March 19, 2025.**

  (11)  Dispositive motions to be served within **60** days of completion of discovery.

10. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? **Upon information and belief, one of Plaintiff's minor sons, Jose C. Garcia, is incarcerated at Bayside State Prison in Leesburg, New Jersey and, according to the New Jersey Department of Corrections' ("NJDOC") website, is not scheduled to be released from NJDOC custody until at least November 11, 2031. As such, the parties may require a court order to enter an NJDOC facility to take Plaintiff's son's deposition in this matter.**

11. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? **No.**

12. Do you anticipate entry of a Discovery Confidentiality Order. See L. Civ. R. 5.3(b) and Appendix S. **Yes.**

13. Do you anticipate any discovery problem(s) not listed above? **No.**

14. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

  **This case is not appropriate for voluntary arbitration. At this time, this case is not appropriate for mediation.**

15. Is this case appropriate for bifurcation? **No.**

16. An interim status/settlement conference (with clients in attendance) should be held **TBD by the Court.**

17. We **do not** consent to the trial being conducted by a Magistrate Judge.

18. Identify any other issues to address at the Rule 16 Scheduling Conference. **None known at this time.**

**GLENN A. GARBER, P.C.**

_____
Glenn A. Garber, Esq.
Attorneys for Plaintiff, Jose L. Garcia

Dated: March 20, 2024

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

 /s/ Michael T. Moran
_____
Michael T. Moran, Esq.
Attorneys for Defendants, City of Perth Amboy, Sergeant Panagioti Boulieris, and Ptl. Anthony Garcia

Dated: March 18, 2024