**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**
Douglas V. Sanchez, Esq. – 039851989
Michael T. Moran, Esq. – 251732019
50 Tice Boulevard, Suite 250
Woodcliff Lake, New Jersey 07677
(201) 474-7100
mmoran@cmlawfirm.com
Attorneys for Defendants,
City of Perth Amboy, Sergeant Panagioti Boulieris, and Ptl. Anthony Garcia

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| JOSE L. GARCIA,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF PERTH AMBOY, SERGEANT PANAGIOTI BOULIERIS, PTL. ANTHONY GARCIA,<br><br>    Defendants. | Hon. Brian R. Martinotti, U.S.D.J.<br>Hon. Michael A. Hammer, U.S.M.J.<br><br>Civil Action No. 23-22903 (BRM/MAH)<br><br>**STIPULATION AND ORDER FOR <u>IN CAMERA</u> REVIEW** |

**THIS MATTER** having come before the Court by Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP (Michael T. Moran, Esq., appearing), attorneys for Defendants, City of Perth Amboy, Sergeant Panagioti Boulieris, and Ptl. Anthony Garcia (collectively, "Defendants"); Glenn A. Garber, P.C. (Glenn A. Garber, Esq., appearing), attorneys for Plaintiff, Jose L. Garcia ("Plaintiff"); and Matthew J. Platkin, Attorney General of New Jersey (Elizabeth S. Sherwood, DAG, appearing), attorneys for Non-Party, New Jersey Department of Children and Families (the "Department"); whereas the Court having entered an Order in the above-captioned matter on June 5, 2024 compelling production of the Department's child abuse and neglect investigation file

1

concerning J.C.G. and A.G., see ECF No. 28; and the Court having considered the matter and upon good cause shown,

IT IS on this _____8th_____ day of July, 2024

**ORDERED** that the Department is hereby directed to produce its investigation summaries resulting from the June 7, 2014 incident that forms the basis of Plaintiff's Complaint to the Court for an in camera review to determine whether the investigation summaries are subject to disclosure to Plaintiff and Defendants in the above-captioned civil action, see In re Z.W., 975 A.2d 938, 940 (N.J. Super. Ct. App. Div. 2009) (providing that a court must undertake an in camera review to discern whether the Department's records are necessary to determine an issue before it prior to release to third parties not identified in the statute); and it is further

**ORDERED** that the Department shall produce its investigation summaries resulting from the June 7, 2014 incident that forms the basis of Plaintiff's Complaint to the Court for an in camera review within seven (7) of the date of this Order; and it is further

**ORDERED** that the Court shall only release said records to counsel upon a determination that (1) said records are relevant and necessary to determination of an issue before the court; and (2) the information is unavailable from any alternate source; and (3) the information contained therein could have the effect of changing the outcome of the matter; and it is further

**ORDERED** that, in the event that the Court determines that the investigation summaries are subject to disclosure, the Court shall make the Department's investigation summaries resulting from the June 7, 2014 incident that forms the basis of Plaintiff's Complaint available to Plaintiff and Defendants, pursuant to the Confidentiality Order entered on March 21, 2024, see ECF No. 17; and it is further

4871-0666-6445, v. 2

**ORDERED** that should the Court order the release of records to counsel, the information contained therein shall be used only for the pending matter before the Court and shall not be released and used in any other matter in the absence of further Order of the Court, and upon proper notice to the Office of the Attorney General and to the Department of Children and Families; and it is further

**ORDERED** that any released information, or documentation contained in or derived from said records shall not be disclosed to any other person or entity for any other reason nor disseminated or made public by any means, direct or indirect; and it is further

**ORDERED** that the use of information contained or derived from said records for any purpose shall be a violation of this Order and subject to the contempt powers of the Court; and it is further

**ORDERED** that upon disposition of this matter, the records will be promptly shredded.

_____
HON. MICHAEL A. HAMMER, U.S.M.J.

It is further ORDERED THAT:
1. Plaintiff's counsel shall serve a copy of this Order on Ms. Sherwood, counsel for DCPP, by July 10, 2024; and
2. The parties and DCPP will draft and submit a proposed order for this for the Court to consider upon completing its review IN CAMERA, by July 26, 2024.

3

I hereby consent to the entry of the foregoing Order.

**GLENN A. GARBER, P.C.**

*/s/ Glenn A. Garber*
Glenn A. Garber, Esq.
Attorneys for Plaintiff, Jose L. Garcia

Dated: July 2, 2024


I hereby consent to the entry of the foregoing Order.

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

*/s/ Michael T. Moran*
Michael T. Moran, Esq.
Attorneys for Defendants, City of Perth Amboy, Sergeant Panagioti Boulieris, and Ptl. Anthony Garcia

Dated: July 2, 2024


I hereby consent to the entry of the foregoing Order.

**MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY**

*/s/ Elizabeth S. Sherwood*
Elizabeth S. Sherwood, DAG
Attorneys for Non-Party, New Jersey Department of Children and Families

Dated: July 2, 2024

4

4871-0666-6445, v. 2